UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
KENNETH MATTHEWS,  :   CASE NO. 1:17-cv-1503
                   :
    Petitioner,    :
                   :
vs.                :   OPINION & ORDER
                   :   [Resolving Doc. 1]
CHARMAINE BRACY, Warden :
                   :
    Respondent.    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 27, 2014, an Ohio jury found Petitioner Kenneth Matthews guilty of murder and felonious assault.[1] He now petitions for a writ of habeas corpus under 28 U.S.C. § 2254 to vacate his conviction and sentence.[2] Respondent Bracy opposes the petition.[3] After a referral, the assigned magistrate judge recommends denying the petition,[4] and Matthews objects.[5]

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the report and recommendation, and **DISMISSES** this petition.

### I. Background

On September 5, 2013, a Cuyahoga County Grand Jury indicted Petitioner Matthews on one count of aggravated murder,[6] one count of murder,[7] two counts of felonious assault,[8] and one count of firearm discharge on or near prohibited premises.[9]

---

[1] Doc. 8-1 at 13-19.
[2] Doc. 1.
[3] Doc. 8.
[4] Doc. 14.
[5] Doc. 17.
[6] Ohio Rev. Code § 2903.01(A).
[7] Ohio Rev. Code § 2903.02(B).
[8] Ohio Rev. Code §§ 2903.11(A)(1) and (A)(2).
[9] Ohio Rev. Code § 2923.162(A)(3); Doc. 8-1 at 5-8 (indictment).

Case No. 1:17-cv-1503
Gwin, J.

The indictment alleged that Matthews shot and killed Bruce Jernigan with a firearm on a public road or highway.[10] Matthews pled not guilty.[11]

The case went to trial. The state presented eyewitness testimony that Matthews drove up to Jernigan and two friends.[12] After a vocal altercation, Matthews exited his vehicle and shot Jernigan in the face.[13]

On March 27, 2014, the jury found Matthews guilty on the murder count and both felonious assault counts, all with firearm specifications.[14] On March 31, 2014, the trial court sentenced Matthews to eighteen years to life and ordered restitution.[15]

On April 22, 2014, Matthews appealed.[16] On January 22, 2015, the Eighth District Court of Appeals affirmed his conviction but reversed the restitution order.[17]

On August 21, 2015, Matthews, then *pro se*, moved to file a delayed appeal with the Ohio Supreme Court.[18] On October 28, 2015, the Ohio Supreme Court denied Matthews' motion and dismissed the case.[19]

On June 1, 2016, Matthews, still *pro se*, applied to reopen his direct appeal with the Ohio Court of Appeals.[20] On August 30, 2016, the Ohio Court of Appeals denied

---

[10] *Id.*
[11] *Id.* at 12.
[12] *Id.* at 90. These facts are taken from the Ohio Court of Appeals' opinion on direct appeal. The Court presumes they are correct unless Petitioner rebuts them with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).
[13] Doc. 8-1 at 90.
[14] Doc. 8-1 at 13-19.
[15] *Id.* at 26.
[16] *Id.* at 28.
[17] *Id.* at 88-96.
[18] *Id.* at 101.
[19] *Id.* at 115.
[20] *Id.* at 116, 228.

Case No. 1:17-cv-1503
Gwin, J.

Matthews' motion as untimely.[21]  On December 8, 2016, Matthews moved for reconsideration.[22]  On February 8, 2017, the Ohio Court of Appeals denied the motion.[23]

On July 17, 2017, Matthews, again *pro se*, petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254.[24]  He seeks to vacate his conviction and sentence on three grounds:

> **GROUND ONE**: There was insufficient evidence to convict Matthews for murder under O.R.C. 2903.02(B), which violated his Due Process protections under the Fourteenth Amendment to the U.S. Constitution. . . .
>
> **GROUND TWO**: Matthews was denied a fair trial when the trial court denied the State's request to provide the jury with a lesser included offense instruction of involuntary manslaughter on Matthews's Count 2 of murder, which violated his Due Process protections under the Fourteenth Amendment to the U.S. Constitution. . . .
>
> **GROUND THREE**: Matthews received ineffective assistance of counsel when counsel failed to raise as a claim in Matthews's direct appeal the trial court's denial of the State's request for a lesser included offense instruction of involuntary manslaughter on the Count 2 charge of murder, in violation of his rights under the Sixth and Fourteenth Amendments to the U.S. Constitution.[25]

On September 9, 2019, Magistrate Judge Parker issued a report and recommendation, recommending this Court deny Matthews' petition.[26]  On November 12, 2019, Matthews objected to the report and recommendation.[27]

---

[21] *Id.* at 142.
[22] *Id.* at 172.
[23] *Id.* at 197.
[24] Doc. 1.
[25] *Id.* at 4-6.
[26] Doc. 14.
[27] Doc. 19.

Case No. 1:17-cv-1503
Gwin, J.

## II. Discussion

Matthews objects to the Magistrate Judge's recommendation that this Court find that "Matthews' habeas claims are procedurally defaulted, because he failed to fairly present them at each level of the state courts' ordinary review process."[28] The Court reviews the objected-to report portion *de novo.*[29]

A federal court may not reach the merits of claims that a state prisoner procedurally defaulted.[30] "If, due to the petitioner's failure to comply with [a] procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted."[31]

The procedural default rule comes from the concept that federal courts do not second-guess state-law procedural rulings. If a state court has decided a state procedural issue, federal courts almost always accept the state court's ruling on the state-law procedural issue.

The Sixth Circuit uses a three-step analysis to determine whether a claim is procedurally defaulted.[32] Under this test, the Court decides whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state courts actually

---

[28] Doc. 19 at 2; Doc. 14 at 21. Matthews also objects to the report's recommendation that his grounds should be denied for lack of merit and that ground two is not a cognizable claim. Doc. 19 at 6, 10, 14, 19. Because the Court concludes that Matthews has procedurally defaulted on all three of his grounds, the Court does not consider these objections.
[29] 18 U.S.C. § 636(b)(1)(c).
[30] *Reed v. Farley*, 512 U.S. 339, 354-55 (1994); *Williams v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006).
[31] *Williams,* 460 F.3d at 806.
[32] *Maupin v. Smith*, 785 F.2d 135, 138-39 (6th Cir. 1986).

-4-

Case No. 1:17-cv-1503
Gwin, J.

enforced the state procedural sanction; and (3) the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review.[33]

Matthews has procedurally defaulted on all three of his grounds. He failed to comply with Ohio's deadline for filing appeals and the Ohio Supreme Court denied Matthews's motion to file a delayed appeal.[34] "[A]pplicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits."[35] "[Matthews'] grounds for relief have been procedurally defaulted."[36]

The Court may excuse a petitioner's procedural default if the petitioner shows "cause" for the procedural default and also shows "actual prejudice" from the alleged error.[37] "Demonstrating cause requires showing that an 'objective factor external to the defense impeded [petitioner's] efforts to comply' with the state procedural rule."[38] It is not necessary, however, to resolve the issue of prejudice if a petitioner does not show cause for the default.[39]

Matthews says he was unaware of Ohio's filing deadlines.[40] He says his *pro se* status and prior counsels' failure to tell him about the filing deadlines should excuse his procedural default.[41]

---

[33] *Id.*
[34] Doc. 8-1 at 115.
[35] *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).
[36] *Id.* (citing *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000)).
[37] *Maupin*, 785 F.2d at 138-39.
[38] *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).
[39] *See Smith v. Murray*, 477 U.S. 527, 533 (1986).
[40] Doc. 19 at 4.
[41] *Id.*

-5-

Case No. 1:17-cv-1503
Gwin, J.

The Sixth Circuit has held that a petitioner's "*pro se* status before the Ohio Supreme Court is insufficient to establish cause to excuse his procedural default."[42] And the Sixth Circuit has held that a petitioner's "ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default."[43]

The Sixth Circuit's precedent stops Matthews argument that there is cause for his procedural default. This Court may not consider Matthews' grounds for habeas corpus relief.

### III. Conclusion

The Court concludes that Petitioner Matthews has procedurally defaulted on all three grounds raised in his petition for habeas corpus relief.

For the reasons above, this Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Parker's Report and Recommendation, and **DISMISSES** Petitioner's § 2254 petition. The Court certifies that no basis exists upon which to issue a certificate of appealability.[44]

IT IS SO ORDERED.

Dated: September 9, 2020             s/ James S. Gwin

                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[42] *Bonilla*, 370 F.3d at 498 (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)).
[43] *Id.*
[44] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).